UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

                v.

DESMOND BICE a/k/a Dez,

                Defendant.
_____

<u>DECISION & ORDER</u> and
<u>REPORT & RECOMMENDATION</u>

15-CR-6068G

## **<u>PRELIMINARY STATEMENT</u>**

By Order of Hon. Frank P. Geraci, Jr., Chief United States District Judge, dated May 8, 2015, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 82).

On February 13, 2015, Desmond Bice ("Bice") and seven other defendants were charged in a thirty-four page complaint with federal narcotics and firearms offenses. (Docket # 1). The charges resulted from an investigation that included court-ordered interception of communications over Bice's and other defendants' phones. (*Id.*).

On May 7, 2015, the grand jury returned an eight-count indictment against Bice. (Docket # 81). Count One charges him with conspiring with the seven individuals named as defendants in the original complaint from October 2014 through January 21, 2015, to possess with intent to distribute and to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. (*Id.*). Counts Two, Five and Eight charge him with possession of firearms in furtherance of narcotics trafficking crimes, in violation of 18

U.S.C. § 924(c).  (*Id.*).  Counts Three and Six charge him with possession of cocaine base and cocaine, respectively, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (*Id.*).  Finally, Counts Four and Seven charge Bice with using two separate premises in the Rochester area for the purpose of manufacturing and distributing cocaine and cocaine base, in violation of 21 U.S.C. § 856(a)(1).  (*Id.*).

Following the return of the indictment against him, Bice filed various pretrial motions, the majority of which were decided from the bench following oral argument on November 13, 2015. [1]  (Docket ## 92, 99, 100).  Two motions remain pending: the first seeks disclosure of the identities of confidential informants; the second seeks suppression of statements.  (*Id.*).

## DECISION & ORDER

### Disclosure of Identities of Confidential Informants

Although Bice's motion papers seek an order requiring the government to disclose the identities of confidential informants (Docket # 92 at 6-13), he made clear at oral argument that his request is in fact narrower.  He requests that the Court order the government to immediately disclose the identities of any informants or co-conspirators whom the government expects to call to testify against him at trial.  Bice maintains that immediate disclosure is necessary for him to adequately prepare for trial by allowing him to thoroughly investigate those whose testimony he will confront at trial.  As the defense acknowledges, this motion is more about the timing, rather than the fact, of disclosure since Bice will be provided with a list of the government's witnesses before trial in accordance with the district judge's pretrial order.

---

[1] The motions decided or resolved following oral argument included, *inter alia*, motions for *Brady* disclosure, discovery, a conspiracy hearing, Rule 404, 608 and 609 material, *Jencks* material, and inspection of jury lists.  (Docket # 100).

At oral argument, the government represented that the witnesses whose identities Bice requests consist primarily of individuals who were originally named as Bice's co-defendants in the original complaint. Bice's knowledge of the identities of his co-defendants enables him to begin to investigate them. In opposing this motion, the government also observed that Bice is charged in a conspiracy that is neither temporally nor geographically broad. The conspiracy is alleged to have spanned less than four months, and the criminal conduct is alleged to have occurred in Rochester. Bice has also been provided with copies of recordings of telephone calls he had with co-conspirators that were intercepted over court-ordered wiretaps.

Under these circumstances, I agree with the government that Bice has not satisfied the standard for requiring early disclosure of the identities of testifying cooperating witnesses. "The defendant bears the burden of showing the need for disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957); *United States v. Manley*, 632 F.2d 978, 985 (2d Cir. 1980), *cert. denied*, 449 U.S. 1112 (1981)), *cert. denied*, 522 U.S. 976 (1997)). Here, Bice's argument that early disclosure is warranted so that he can thoroughly investigate the informants does not meet his burden. "The conclusory argument that early disclosure of the identity of the confidential source is necessary to prepare for trial, *i.e.*, provide for the effective use and investigation of [the source] as a defense witness, . . . is not sufficient to require the 'extraordinary remedy' of disclosure of a confidential informant's identity." *United States v. Morrison*, 2010 WL 3063548, *2 (D. Vt. 2010) (citing *United States v. Muyet*, 945 F. Supp. 586, 602 (S.D.N.Y. 1996)); *United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 520-21 (S.D.N.Y. 2007) (denying defendants' request for disclosure of identities of testifying and non-testifying confidential informants "so

that [d]efendants may investigate and interview the informants as part of their trial preparation"; general allegations that informants' testimony will be relevant to guilt or innocence "are insufficient to meet [d]efendants' burden" to justify disclosure). Insofar as Bice frames his request as a *Brady* demand (*see* Docket # 92 at 6-7), it produces no different result. *United States v. Morrison*, 2010 WL 3063548 at *2 n.3 ("under *Brady*, the government has no duty to disclose its witness list prior to trial in a noncapital case").

Bice's request for early disclosure of the identities of its testifying informants is denied.

## REPORT & RECOMMENDATION

**Suppression of Statements**

Bice's motion papers seek an order suppressing certain statements made to law enforcement on January 21, 2015. (Docket # 92 at 19-20). On that issue, Bice argued through his attorney's affirmation that the statements were obtained "in violation of his rights pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution[, and] any waiver of said rights was not knowing or voluntary." (*Id.*). Bice himself did not submit an affidavit in support of his motion. The government contends that no hearing is required in the absence of a supporting affidavit from an individual with personal knowledge. (Docket # 97 at 7).

At oral argument on the motion, this Court noted that it was not inclined to schedule an evidentiary hearing without an affidavit submitted by an individual with personal knowledge raising factual issues concerning the voluntariness of Bice's statements. The Court gave Bice until November 20, 2015, to submit such an affidavit. (Docket # 100). On November

20, 2015, this Court received a letter from Bice's counsel indicating that Bice does not intend to do so. (Docket # 101).

An evidentiary hearing is required where a defendant demonstrates a "sufficiently definite, specific, detailed, and nonconjectural" issue of fact. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); *United States v. Richardson*, 2010 WL 5553995, *1 (W.D.N.Y. 2010) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing") (collecting cases), *report and recommendation adopted*, 2011 WL 53476 (W.D.N.Y. 2011). In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998); *see also United States v. Richardson*, 2010 WL 5553995 at *1 (recommending that the district court deny motion to suppress statements where no issue of fact existed).

Bice has not demonstrated the existence of an issue of fact warranting an evidentiary hearing. Nor do his papers demonstrate that suppression is warranted as a matter of law. Accordingly, I recommend that the district court deny Bice's motion to suppress statements.

## **CONCLUSION**

For the reasons stated above, Bice's motion for disclosure of confidential informants **(Docket # 92)** is **DENIED**.  Further, for the reasons stated above, I recommend that the district court deny Bice's motion to suppress statements.  (**Docket # 92**).

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
         December 16, 2015

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                      *s/Marian W. Payson*
                                      MARIAN W. PAYSON
                                     United States Magistrate Judge

Dated: Rochester, New York
        December 16, 2015

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).